UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PETER SANDBACK,                    )
                                   ) No. CV-05-0336-AAM
            Plaintiff,             )
                                   ) ORDER GRANTING DEFENDANT'S
v.                                 ) MOTION FOR SUMMARY JUDGMENT
                                   )
JO ANNE B. BARNHART,               )
Commissioner of Social             )
Security,                          )
                                   )
            Defendant.             )
_____)

     BEFORE THE COURT are Plaintiff's Motion for Summary Judgment
(Ct. Rec. 11) and Defendant's Motion for Summary Judgment (Ct.
Rec. 15), noted for hearing without oral argument on May 15, 2006
(Ct. Rec. 10).  Plaintiff Peter Sandback ("Plaintiff") filed a
reply brief on May 15, 2006.  (Ct. Rec. 17).  Attorney Maureen J.
Rosette represents Plaintiff; Special Assistant United States
Attorney David R. Johnson represents the Commissioner of Social
Security ("Commissioner").   After reviewing the administrative
record and the briefs filed by the parties, the Court **GRANTS**
Defendant's Motion for Summary Judgment (Ct. Rec. 15) and **DENIES**
Plaintiff's Motion for Summary Judgment (Ct. Rec. 11).

///

///

**JURISDICTION**

By application dated October 11, 2002, Plaintiff protectively filed an application for Social Security disability benefits. (Administrative Record ("AR") 153-155).  Plaintiff also filed for benefits previously in September 1981, May 1998, and July 2001. These applications were denied and Plaintiff did not appeal their denial.  The Administrative Law Judge ("ALJ") assigned to this case expressly declined to reopen the prior determinations. (AR 31-32).

Plaintiff's October 11, 2002 application was denied initially (AR 127-130) and on reconsideration (AR 133-135).  On October 6, 2004, Plaintiff appeared before ALJ Mary Reed, at which time testimony was taken from Plaintiff and vocational expert, Fred Cutler.  (AR 606-648).  On December 14, 2004, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 31-43). The Appeals Council denied a request for review on September 15, 2002.  (AR 13-16).  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 26, 2005.  (Ct. Rec. 2).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner and will only be summarized here.

Plaintiff was 57 years old on the date of the ALJ's decision. (AR 153).  His educational background includes A GED, vocational training in carpentry and fisheries, and a year and a half of

college. He has no past relevant work. At the hearing, Plaintiff
claimed the last time he worked was at a department store for
approximately six weeks vacuuming.  Plaintiff alleges disability
since November 10, 1976 due to knee and back injuries. (AR 160).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as
the "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment
which can be expected to result in death or which has lasted or
can be expected to last for a continuous period of not less than
twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
Act also provides that a Plaintiff shall be determined to be under
a disability only if any impairments are of such severity that a
Plaintiff is not only unable to do previous work but cannot,
considering Plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person
is engaged in substantial gainful activities.  If so, benefits are
denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If
not, the decision maker proceeds to step two, which determines
whether Plaintiff has a medically severe impairment or combination
of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii).

    If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past.  If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered.  If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once Plaintiff establishes that a physical or mental

impairment prevents the performance of previous work.  The burden
then shifts, at step five, to the Commissioner to show that (1)
Plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a
Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995
(9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.
1999).  "The [Commissioner's] determination that a plaintiff is
not disabled will be upheld if the findings of fact are supported
by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572
(9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence
is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d
1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988).  Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted).  "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
On review, the Court considers the record as a whole, not just the

evidence supporting the decision of the Commissioner. *Weetman v.*
*Sullivan,* 877 F.2d 20, 22 (9ᵗʰ Cir. 1989) (*quoting Kornock v.*
*Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir. 1980)).

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9ᵗʰ Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the
decision. *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9ᵗʰ Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9ᵗʰ Cir.
1987).

**ALJ'S FINDINGS**

The ALJ found at step one that Plaintiff has not engaged in
substantial gainful activity during any time at issue.  (AR 33).
At step two, the ALJ found that the medical evidence established
the Plaintiff suffered from severe musculoskeletal impairments,
including a right knee injury, degenerative disc disease in his
back, and coronary artery disease characterized by left shoulder
pain. Finding Plaintiff suffered from only mild depression, the
ALJ concluded the record did not establish the Plaintiff suffered
from a severe mental impairment.  Though Plaintiff has impairments

considered severe, the ALJ concluded that he does not have an
impairment or combination of impairments listed in or medically
equal to one of the Listings impairments.  (AR 39, 42).

     After finding the Plaintiff's testimony regarding his
limitations not credible (AR 38, 42), the ALJ concluded that
Plaintiff has the RFC to perform work requiring no more than
medium exertion. (AR 40).  She specifically found that plaintiff's
impairments limit him to work that does not require lifting more
than 25 pounds frequently or more than 50 pounds occasionally, or
more than occasionally climbing, stooping, kneeling, crouching or
crawling. The ALJ observed that Plaintiff had no past relevant
work experience and proceeded to deal with the Commissioner's
burden at step five to show that there are jobs existing in
significant numbers in the national economy which Plaintiff can
perform, consistent with his medically determinable impairments,
functional limitations, age and education. In response to the
ALJ's hypothetical question the vocational expert testified that a
person having the hypothesized conditions could perform such jobs
as a cleaner, machine feeder or offbearer, unskilled
inspector/sorter, and metal plating, and that a significant number
of these jobs existed in the state and national economy.
Accordingly, the ALJ determined at step five of the sequential
evaluation process that Plaintiff was not disabled within the
meaning of the Social Security Act.  (AR 41-42).

## ISSUES

     Plaintiff contends that the Commissioner erred as a matter of
law.  Specifically, he argues that (1) the ALJ erred by concluding
his mental impairments were not severe at step two of the

sequential evaluation process; and (2) the ALJ's residual functional capacity determination was not properly supported. Plaintiff challenges the determination that he can perform medium duty work.

The Commissioner opposes the Plaintiff's motion and requests the ALJ's decision be affirmed. (Ct. Rec. 16 at 7).

## DISCUSSION

**A.   Relevant Time Period**

SSI benefits are authorized by Title XVI of the Social Security Act. SSI benefits are not payable for the month in which the application was filed or for any months prior to the month in which the application for such benefits is filed. 20 C.F.R. §§ 416.200, 416.330(a), 416.335.  Accordingly, although Plaintiff has alleged his disability began in the 1970s, the earliest month Plaintiff could receive SSI benefits based on his October 2002 application is November 2002, no matter how long he has actually been disabled. *See Brown v. Apfel*, 192 F.3d 492, 495 n. 1 (5th Cir.1999); see also 20 C.F.R. § 416.335. The ALJ did not reopen Plaintiff's earlier applications. Consequently the relevant time period for the Court's consideration of plaintiff's claim for Title XVI benefits would begin in November 2002.

**B.   Step Two Determination Re: Mental Impairment**

Plaintiff contends that the ALJ erred by finding that her mental impairment was not severe in the second step of the disability analysis. Specifically, plaintiff argues the ALJ should have considered doctor's opinions rendered in 1987 and 1990 and given more weight to the Dr. Deborah Brown's psychological evaluation and report.  An impairment or combination of

impairments is not severe if it does not significantly limit one's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521; 416.920©). In other words, an impairment is severe if it has more than a minimal effect on an individual's ability to do basic work activities. *Smolen v. Chater,* 80 F.3d 1272, 1290 (9th Cir. 1996).

Substantial evidence supports the ALJ's conclusion that Plaintiff's depression was not severe. The only medical records documenting Plaintiff's depression near the relevant time period are Dr. Christopher Goodwin's diagnosis in August 2004 (AR 570) and his subsequent referral to Dr. Debra Brown for psychological evaluation in September 2004 (AR 579-582). The ALJ's opinion evidences a careful consideration of these records. As noted by the ALJ, Dr. Brown specifically opined that Plaintiff was "mildly depressed" and stated in her narrative that she did "not see any psychological reason why Mr. Sandback cannot work." (AR 586). The ALJ also noted that Dr. Brown's conclusion of mild impairment was inconsistent with some of the boxes she checked on the public assistance form (AR 581), which would suggest significant work-related limitations. (AR 37). Dr. Brown even admitted that she did not have Plaintiff's medical record and it was "impossible" for her to know whether Plaintiff's descriptions to her were accurate. (AR 585). Notably, the ALJ found the Plaintiff not credible, a finding which is uncontested here. Considering these facts, the ALJ was justified in according these check box conclusions no weight in light of their inconsistency with her own narrative report and the Plaintiff's activities of daily living. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (explaining

that an ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions).

A careful review of the record reveals substantial evidence supports the finding of the ALJ at Step 2 that Plaintiff's depression was not a severe impairment within the meaning of the regulations during the relevant time period. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (holding that, if the evidence reasonably supports a social security decision, the court must uphold the decision and may not substitute its judgment for the agency's).

**C.   Residual Functional Capacity (RFC)**

Plaintiff also disputes the ALJ's determination that Plaintiff retains the residual functional capacity to perform the exertional demands of medium work. Plaintiff maintains this determination is inconsistent with the opinions of Dr. Brewster, Dr. Bagby, and Dr. Goodwin.

In 2001, while Plaintiff was waiting to schedule arthroscopic knee surgery, Dr. Robert Brewster, M.D., an orthopaedic surgeon, evaluated Plaintiff and indicated the Plaintiff could perform only sedentary work activities. (AR 238).  However, following the arthroscopic procedure, as the ALJ noted, Dr. Larry Lamb, M.D. opined that the Plaintiff had a "fully functional knee" and that he "cannot find cause for recommendation of physical restrictions related to his employability." (AR 465-466).  Dr. Glenn Bonacum, M.D. stated on August 14, 2003 that the Plaintiff "does not have a significant right knee problem" and he believed he could return to work.  (AR 476).  Dr. Brewster's pre-surgical opinion which contradicts later post-operative opinions, does not provide a

basis for additional limitation in Plaintiff's residual functional
capacity assessment.

Plaintiff contends that the ALJ improperly rejected the
findings of examining physician, Dr. G.W. Bagby, M.D., and thus
erred in her RFC assessment by ignoring Dr. Bagby's assessment of
severe limitation due to Plaintiff's back problems.  In January
2003, Dr. Bagby concluded that Plaintiff could be a surgical
candidate for his back condition and stated that Plaintiff's
"impairment rating is severe impairment and severely limited for
at least four months" and that after surgery he would be unable to
work for approximately one year. (AR 325-326).  As noted by the
ALJ, Plaintiff was thereafter referred to Dr. John Demakas, M.D.,
who, after a bone scan, opined that there was no evidence of any
facet inflammation and that, therefore, he did "not see any
indication for surgical intervention as this point."  (AR 334).

When presented with conflicting medical opinions, the ALJ
must determine credibility and resolve the conflict. *Matney v.
Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  "[T]he
Commissioner must provide clear and convincing reasons for
rejecting the uncontradicted opinion of an examining physician....
[T]he opinion of an examining doctor, even if contradicted by
another doctor, can only be rejected for specific and legitimate
reasons that are supported by substantial evidence in the record."
*Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citations
and internal quotation marks omitted).

The ALJ provided a minimum of four reasons for rejecting Dr.
Bagby's conclusions regarding Plaintiff's functional limitation.
First, the ALJ noted that there were contradictory reports in the

- 11 -

record from treating physicians who had concluded that the Plaintiff was not functionally limited and that surgical intervention was not necessary. (AR 334; AR 39 citing Exhibits 30F, 9F, 14F and 32F).  Second, the ALJ pointed out that the record did not reflect that the Plaintiff had been referred to Dr Bagby by any treating physician thus it was possible the exam was in association with his application for benefits.  Third, the ALJ indicated that Dr. Bagby's recommendations were based upon Plaintiff's statements of pain and functional which were inconsistent with Plaintiff's presentation to other physicians and were not consistent with his activities of daily living.  Fourth, the ALJ recognized Dr. Bagby's assessment was made without the benefit of Plaintiff's medical records and thus, without consideration of the conflicts in Plaintiff's reports.

Plaintiff does not challenge the ALJ's determination that he lacked credibility. Credibility determinations do bear on the evaluation of medical evidence when an ALJ is presented with conflicting medical opinions. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). Accordingly, in evaluating Dr. Bagby's opinion, the ALJ properly considered the fact that Dr. Bagby's assessment of Plaintiff's was based primarily upon Plaintiff's inconsistent self-reporting.  The Court finds the ALJ's stated reasons for rejecting the Dr. Bagby's opinion were sufficiently specific and legitimate and are supported by substantial evidence of record.

After the ALJ's decision was filed, Plaintiff returned to Dr. Bagby for an examination on January 5, 2005.  The Court notes that the administrative transcript reflects Plaintiff's counsel sent the Appeals Council Dr. Bagby's report resulting from this exam in

March 2005.  However, it appears this medical record was not considered by the Appeals Council as the list of supplemental evidentiary material does not reflect inclusion of this evidence as part of the record and it was not otherwise rejected in the Appeals Council's decision.  (AR 16).  Despite this new evidence, remand is unnecessary because the denial of benefits remains supported by substantial evidence.  In his latest report Dr. Bagby opines that Plaintiff "appears to have a <u>MARKED IMPAIRMENT AND ABLE TO DO LIGHT WORK</u> over a period of six months...He should be encouraged to pursue work with the impairment rating as offered. His motivation is in question."  (AR 22)(emphasis in original).

This report was not informed by any new examinations, tests, data or other information, however. The report was merely a re-characterization of the same information upon which the first report had been based. Given the second report was submitted after the ALJ's adverse decision and is therefore is less persuasive than the first, *Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1463 (9th Cir. 1995), and given the bases for ALJ's express rejection of Dr. Bagby's opinion, there is little chance that the second report would have changed the ALJ's decision. This additional evidence does not provide a basis to remand this case.

Without any citation to the record or specific mention of the opinion, Plaintiff also suggests Dr. Goodwin opined physical limitations greater than those determined by the ALJ.  Plaintiff's Memorandum, Ct. Rec. 12 at 18. However, in August 2002, Dr. Goodwin opined that, "I have been very candid with the patient that based on my exam today I do not find any limitations which

would make him eligible for GAU disability..." (AR 321).
Throughout Plaintiff's course of treatment, Dr. Goodwin
consistently rated the severity of Plaintiff's knee and chronic
low back pain as mild. (AR 320, 321, 538). There is no
evidentiary support for Plaintiff's contention that Dr. Goodwin
opined limitations greater than the ALJ assessed.

     After review of the record, the Court concludes the ALJ's RFC
assessment is consistent with the evidence as a whole and is
accordingly properly supported by substantial evidence.

                              **CONCLUSION**

     Having reviewed the record and the ALJ's conclusions, this
Court finds that the ALJ's decision is supported by substantial
evidence and free of legal error. Based on the foregoing, the
undersigned finds that the ALJ properly determined that Plaintiff
is not disabled within the meaning of the Social Security Act.
Accordingly,

     **IT IS ORDERED**:

          1.   Plaintiff's Motion for Summary Judgment (**Ct. Rec.
11**) is **DENIED**.

          2.   Defendant's Motion for Summary Judgment (**Ct. Rec.
15**) is **GRANTED**.

          3.   The District Court Executive is directed to enter
judgment in favor of Defendant, file this Order, provide a copy to
counsel for Plaintiff and Defendant, and **CLOSE** this file.

     **DATED** this  5th   day of September, 2006.


                              s/ Alan A. McDonald
                         ALAN A. McDONALD
                         SENIOR UNITED STATES DISTRICT JUDGE

                              - 14 -